IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CATHERINE CONTRERAS-BELTRAN, §<br>   #57313-177, §<br>      PETITIONER, §<br> §<br>v.   §   CIVIL CASE NO. 3:22-CV-1019-N-BK<br> §<br>UNITED STATES OF AMERICA, §<br>      RESPONDENT. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Catherine Contreras-Beltran's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the petition should be **DENIED**.

   **I.   BACKGROUND**

In 2019, Beltran pled guilty to conspiracy and the substantive offenses of interference with commerce by robbery and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence. Crim. Doc. 180 at 1.[1] At sentencing, the Court confirmed that it considered the 18 months Beltran spent in custody in Columbia—between her arrest on December 24, 2016, and her extradition to the United States on June 20, 2018—in determining her sentence. Doc. 13 at 38-39 (Sentencing Tr. at 6-7). The Court thus reduced Beltran's sentence by 18 months, from a total term of 180 months to 162 months. *Id.*;

---

[1] All "Crim. Doc." citations refer to the related criminal case: *United States v. Contreras-Beltran*, No. 3:16-CR-0326-N-5 (N.D. Tex. Oct. 1, 2019).

Crim. Doc. 180 at 1.

Unaware of that, the Bureau of Prison (BOP) initially gave Beltran credit on her sentence computation for the 18-months she spent in Colombian custody. Doc. 13 at 5. Upon confirming that she had indeed received credit at sentencing, the BOP updated her sentence computation and removed the 18-month credit. Doc. 13 at 5-6. Understandably, this resulted in some confusion.

On May 2, 2022, Beltran moved *to Grant Missing Jail Credit*, seeking credit for the 18 months spent in Columbian custody. Doc. 3. Because the motion was initially filed with her motion to vacate sentence under 28 U.S.C. § 2255, the Court severed it and directed that it be filed in this habeas action under 28 U.S.C. 2241. Doc. 4. Beltran then filed an amended petition seeking credit for the "18 months missing" from the BOP's computation. Doc. 6 at 5-6. The government opposes § 2241 relief. Doc. 12; Doc. 13 (App'x.). Beltran has not filed a reply.

Upon review, the Court finds that Beltran's claim is unexhausted and meritless. Therefore, her petition should be denied.

**II.    ANALYSIS**

The Attorney General, through the Bureau of Prisons, has the responsibility to calculate credit under 18 U.S.C. § 3585(b) for anytime spent in official detention. *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (per curiam) (citing *United States v. Wilson*, 503 U.S. 329, 333-35 (1992)). Although § 3585(b) does not refer to the Attorney General, federal prisoners must exhaust their administrative remedies before seeking judicial review. *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010) (citing *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992), *aff'd on other grounds*, 132 S. Ct. 1463 (2012); *Rourke v. Thompson,* 11 F.3d 47, 49 (5th Cir. 1993) ("[A] § 2241 petitioner 'must first exhaust his administrative remedies through the Bureau of Prisons'" (citations omitted)).

Beltran has not exhausted her administrative remedies, however. The records indicate that she never submitted a request for administrative review. Doc. 13 at 31. Beltran vaguely asserts that the "Unit team refus[ed] to provide administrative remedy forms," but also states that she "made four attempts and has been informed that until the Court orders that 18 months as time that counts[,] she is 'screwed.'" Doc. 6 at 2. To the extent Beltran suggests prison staff declined to give her forms for pursuing administrative remedy, she fails to proffer sufficient facts to support her assertion—such as the identity of the staff member or the dates she requested the forms. Under these facts, Beltran's claim remains unexhausted.

However, even if exhausted, Beltran's claim lacks merit. At sentencing, the Court reduced Beltran's term of imprisonment by 18 months to account for the time she spent in Colombian custody. Initially, the BOP also applied the 18-month credit—basically giving Beltran double credit for the same time served. However, upon learning that the Court had already reduced Beltran's sentence by 18 months, the BOP properly removed the credit entered in error. At bottom, the BOP has exclusive authority for administering Beltran's sentence and calculating any credit. See *United States v. Juarez-Velasquez*, 763 F.3d 430, 436 (5th Cir. 2014).

### III. CONCLUSION

For all these reasons, Beltran's habeas corpus petition under 28 U.S.C. § 2241 should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on February 14, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).